IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cr-51-ECM |
| | ) | [WO] |
| EDDIE LEWIS BARGANIER | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Eddie Lewis Barganier's ("Barganier")

*pro se* motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 54).

Barganier contends that a sentence reduction is warranted based on his heart condition, his

mother's medical condition, and his rehabilitation while in prison.  The Government opposes

a sentence reduction. (Doc. 56).  The motion is ripe for resolution.  After careful consideration,

and for the following reasons, the Court concludes that Barganier's motion is due to be denied.

On July 10, 2024, this Court sentenced Barganier to 60 months' imprisonment after he

pleaded guilty to one count of possession with intent to distribute eutylone, in violation of 21

§ U.S.C. 841(a)(1); and two counts of possession of a firearm by a convicted felon, in violation

of 18 U.S.C. §922(g)(1). (Doc. 45).  Barganier's current projected release date from the

Federal   Bureau   of   Prisons   ("BOP")   is   November   11,   2027.   *See*

https://www.bop.gov/inmateloc/ (last visited June 17, 2026).

**DISCUSSION**

"The   authority   of   a   district   court   to   modify   an   imprisonment   sentence   is

narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir.

2010).  Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,

the Court may reduce a sentence if, after considering the factors found at 18 U.S.C. § 3553(a) to the extent they are applicable, the Court determines that (1) the defendant has exhausted his available administrative remedies, (2) "extraordinary and compelling reasons" warrant a sentence reduction, and (3) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Smith*, --- F.4th ----, 2026 WL 1543025, at \*2 (11th Cir. June 2, 2026); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'").  As the movant, Barganier bears the burden to establish his eligibility for a sentence reduction. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Section 1B1.13 of the United States Sentencing Guidelines, as amended in November 2023, defines "extraordinary and compelling reasons" to include:  (1) the defendant's medical circumstances; (2) the defendant's age; (3) family circumstances of the defendant, including "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent"; (4) the defendant was a victim of abuse while in custody; (5) other reasons "similar in gravity to those described in paragraphs (1) through (4)"; and (6) if the defendant received an unusually long sentence and other conditions are satisfied. *Accord Smith*, 2026 WL 1543025, at \*2.  If the defendant's "circumstances do not match any of the

---

[1] The applicable policy statement is found in U.S.S.G. § 1B1.13.  Pursuant to § 1B1.13, a district court may reduce a sentence if, "after considering the factors found at 18 U.S.C. § 3553(a), to the extent they are applicable," the Court determines:  (1) there is an extraordinary and compelling reason for release; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13; *see also United States v. Handlon*, 97 F.4th 829, 831–82 (11th Cir. 2024) (per curiam).

[§ 1B1.13] categories, then he is ineligible for a reduction." *Bryant*, 996 F.3d at 1254; *see also id.* at 1262 (explaining that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13").

The Government argues that Barganier is not entitled to a sentence reduction because he has not exhausted his administrative remedies and has not shown extraordinary and compelling reasons under U.S.S.G. § 1B1.13.   Upon review, the Court finds that Barganier has not shown extraordinary and compelling reasons justifying his release.  A defendant's medical circumstances can qualify as extraordinary and compelling reasons in three circumstances:  (1) the defendant is suffering from a terminal illness, i.e., a serious and advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating health because of the aging process that substantially diminishes his ability to provide self-care and from which he is not expected to recover; or (3) the defendant is suffering from a medical condition requiring long-term or specialized care that is not being provided and without which the defendant faces serious deterioration in health or death. U.S.S.G. § 1B1.13(b)(1).  Barganier asserts that he can't "perform like [he] use[d] to with [his] heart condition," (doc. 54 at 6), and that the BOP is unable to "contain his heart issue," (doc. 54-1 at 3).  These assertions are insufficient to show that Barganier suffers from a terminal illness, that he suffers from a medical condition requiring long-term or specialized care that the BOP is not providing, or that his heart condition otherwise falls into any of the three categories in § 1B1.13(b)(1). *See United States v. Ortiz-Cervantes*, 2025 WL 3772332, at *2 (11th Cir. Dec. 31, 2025)  (per curiam) (concluding that district court did not err in

3

determining that the defendant's medical conditions did not amount to extraordinary and compelling reasons because none of the defendant's medical conditions "amounted to a terminal illness with an 'end-of-life trajectory'" and the defendant did not provide information about how his conditions reduced his capacity for self-care).[2]  For these reasons, Barganier has not established that his medical circumstances qualify as extraordinary and compelling reasons for a sentence reduction.

Barganier also argues that his mother's medical condition is an extraordinary and compelling reason justifying his release.  As indicated above, a defendant's family circumstances may qualify as extraordinary and compelling reasons if the defendant's parent is incapacitated and the defendant is the parent's only available caregiver. U.S.S.G. § 1B1.13(b)(3)(C).  Here, Barganier contends that his mother has an unspecified medical condition but also that she is "fine" as long as she takes her medication. (Doc. 54 at 6). Barganier's submissions fall well short of a showing that his family circumstances constitute extraordinary and compelling reasons for a sentence reduction.

Barganier further argues that his rehabilitation while in prison warrants a sentence reduction.  But the United States Sentencing Commission has stated that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d); *see Smith*, 2026 WL 1543025, at *2 (concluding that the defendant's "rehabilitation while in prison is not an extraordinary and compelling reason for release").  Thus, the Court finds Barganier's argument regarding rehabilitation—whether

---

[2] While the Court recognizes that this case is nonprecedential, the Court finds it persuasive.

4

considered separately or together with his other circumstances—insufficient to constitute extraordinary and compelling reasons.

Because Barganier has not shown extraordinary and compelling reasons warranting his release, he has failed to meet his burden to show he is eligible for a sentence reduction.[3] Consequently, his motion is due to be denied.

## CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED that Barganier's motion for sentence reduction (doc. 54) is DENIED.

DONE this 18th day of June, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

---

[3] Because he has not shown extraordinary and compelling reasons, the Court pretermits discussion of the other statutory criteria, including whether he exhausted his administrative remedies.